Assem Abdel Halim MOUSA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General of the United States, Respondent.

No. 09–0400–ag.

United States Court of Appeals, Second Circuit.

Nov. 25, 2009.

Parker Waggaman, Law Offices of Parker Waggaman, P.C., New York, NY, for Petitioner.

Paul Fiorino, Trial Attorney (Tony West, Assistant Attorney General, and Richard M. Evans, Assistant Director, on the brief), Office of Immigration Litigation, Washington, DC, for Respondent.

Present: ROGER J. MINER, ROSEMARY S. POOLER, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Assem Abdel Halim Mousa petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ") that determined Mousa was removable and denied him cancellation of removal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We lack jurisdiction to review a final removal order against an alien removable for having committed a crime of moral turpitude, 8 U.S.C. § 1252(a)(2)(C), but retain jurisdiction to review "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D). Mousa asserts that the record of conviction is inaccurate. This argument suggests a claim that the government has not demonstrated by clear and convincing evidence that he was convicted under South Carolina Code of Laws Section 38–55–540(A)(2). *See Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 78 (2d Cir.2008) (stating that the government must show by "clear, unequivocal, and convincing evidence" that the alien was convicted of a crime of moral turpitude (quotation marks omitted)). An IJ can properly rely on "[a]n official record of judgment and conviction" as proof of an alien's conviction. 8 U.S.C. § 1229a(c)(3)(B)(i). The record of convic-

tion here states that Mousa pleaded guilty to making a false statement in violation of South Carolina Code of Laws Section 38–55–540(A)(2). The IJ permissibly relied on the record as proof of the fact of Mousa's conviction. To the extent Mousa asserts that his plea was not knowing and voluntary, this argument is not cognizable on a petition for review of a final removal order. *See Arriaga v. Mukasey*, 521 F.3d 219, 224 (2d Cir.2008) ("[C]ollateral attack on a state criminal conviction is not available on a petition to review the BIA's removal decision.").

For the foregoing reasons, the petition for review is **DENIED.**